Deadeeick:; J.,
delivered the opinion of the Court.
The plaintiff, as administrator of Wm. C. Fletcher, brought suit in the Circuit Court of Rutherford County, against the defendant, upon the following note under seal:
“$4,300. On the 1st day of December, 1866, I promise to pay J. P. Miller forty-three hundred dollars,' for value received, for a tract of land in the county of Rutherford, State of Tennessee, bearing compound interest from 1st December, 1856. This, August 26, 1856.
“[Seal.] F. W. Franklin.”
On the 5th of November, 1857, J. P. Miller, the payor, assigned the note to Wm. A. Ransom, waiving demand and notice, for value received; and on the 1st of January, 1859, Wm. A. Ransom, for value received, assigned the note, waiving demand and notice, to Wm. C. Fletcher, the intestate of the plaintiff.
At the July Term, 1867, of the Court, the defendants craved oyer of the note sued on, set it out, with the endorsements thereon, and demurred to the plaintiff’s declaration, upon the ground “that the note declared on is void in law, for the reason that it is stipulated on the face of said note, that the amount of money therein agreed to be paid shall bear, compound interest ■ from December 1, 1856, which said stipulation is'illegal, and renders the note void.”
*48 His Honor, the Circuit Judge, sustained the demurrer, rendered judgment against the plaintiff for the costs of the cause, from which judgment the plaintiff appealed in error to this Court.
Compounding interest is the charging of interest against a debtor upon a sum which has accrued as interest upon the principal debt. This is not allowed by law, except in cases where the debtor expressly contracts to pay it. If the debtor, at the time of contracting the debt, agree to pay interest upon interest, such a contract is not illegal. At the time of the creation of the debt, the creditor may stipulate with his debtor for the payment of the interest thereon at stated periods, with the condition expressed upon the face of the obligation for the debt, that if the interest is not paid at the times stipulated for its payment, it should thereafter bear interest. Or separate notes for the interest upon the debt might lawfully be taken, to fall due at the periods at which the interest upon the principal debt would amount to the sums for which they were severally given; and such notes, if not paid when they fell due, would bear interest, and would be enforced in our courts, as executed on a good and sufficient consideration. In either case, the promise would be to pay only the amount that would be due to the creditor, for interest at the time at which the debtor was bound by his contract to pay it. So that there would be upon the face of such contracts no obligation or promise to pay more than legal interest upon the sum due, and therefore an agreement to pay interest upon interest is neither illegal nor usurious.
Usury is taking by the lender from the borrower, or *49 by the creditor from the debtor, more than six per cent, per annum for the use of money; and it is insisted by defendants that the note sued on in this case is an obligation of this character, and that it is therefore illegal and void.
It therefore becomes necessary to construe the instrument sued on in this case.
The mutual intention of the parties to the instrument or contract is the great, and sometimes difficult object of inquiry, when the terms of it are not free from ambiguity. To carry that intention into effect, the law, when it becomes necessary to do so, will control even the literal terms of the contract. Many cases are given in which the plain intent has prevailed over the strict letter of the contract.
If the language employed in the contract is of equivocal meaning, or susceptible of two interpretations, one of which would make it legal, and the other illegal, that construction should be accepted which would make it legal. These rules of construction prevail alike in courts of law and of equity, and apply to all written contracts, whether they are or are not under seal.
The $4,300 for which the note was executed, is the principal. As written, the promise is to pay “$4,300, bearing compound interest.” Yet it is manifest that it was not the intention of parties that “compound interest,” which refers to a mode rather than a rate of computation, should be calculated on the $4,300. The terms “compound interest,” by their legal signification, preclude their application to interest arising from the principal
debt. They do not mean any rate of interest, legal or 4 *50 illegal, upon the principal debt; but mean interest arising from interest previously accrued, in contradistinction to simple interest, which arises directly out of the principal debt.
"We hold that the proper construction of the note sued on is, that it is a promise to pay $4,300 on 1st December, 1866, with interest from December 1, 1856, which interest is to be compounded at the end of every year, and become principal, and bear interest. We hold, therefore, that the note sued upon is not, upon its face, illegal or usurious, and that the Circuit Judge erred in sustaining the demurrer.
Let the judgment be reversed, and the cause remanded for further proceedings.
FkeemaN, J., dissented.